```
UNITED STATES DISTRICT COURT          NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MANUEL J. PARDO, | |
|                           Plaintiff, | ORDER |
| - against - | 13-cv-3796 (JG) |
| SECURITAS, | |
|                          Defendant. | |

JOHN GLEESON, United States District Judge

On July 15, 2013, plaintiff Manuel J. Pardo filed a *pro se* complaint, on a provided form, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2002-17 ("Title VII"). He names his former employer, Securitas, as a defendant, and alleges that he was terminated in retaliation for complaining to his union about violations of the Occupational Health and Safety Act ("OSHA") and other violations. His request to proceed *in forma pauperis* is granted, but, for the reasons that follow, the complaint is dismissed.

## BACKGROUND

Pardo filed his complaint on a Title VII Complaint form; however, he specifically avers that "this case does not involve discrimination." Compl. at 3. Pardo alleges the following:

> I was wrongfully and illegally terminated for complaining to the union about OSHA and other violations. Therefore, my employer (Securitas) fired me on bogus charges of insubordination for listening to electronic devices. My site manager, Mr. Francisco Saez, would 'flip-flop' the rules every time I went to the union. His aim was to get me bored so that I would fall asleep and he could capture the incident on camera and have reason to terminate me.

Compl. at 4. Pardo further explains that he listened to music during the graveyard shift, "not to defy him," but "to keep from falling asleep." Compl. at 5. He states: "I planned to listen to music and then check with the union or the Labor Board to find out if my site manager had the right to 'flip-flop' the rules every time I went to the union. Unfortunately, I was fired before I could ask the authorities that question." Compl. at 5-6. Pardo alleges that other employees also listened to "electronic devices," (Compl. at 6), but that he was the only one to be terminated "to prove to all other employees that they will get the same if they challenged the violations too." *Id.* The complaint does not identify the alleged OSHA violations reported to the union.

Plaintiff filed a claim with the Equal Employment Opportunity Commission and received a right-to-sue notice dated April 10, 2013. He seeks a two-month extension of time in order "to provide all that I need to provide." Compl. at 6.

## DISCUSSION

### A.     Standard of Review

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at

476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

      B.      Analysis

Pardo fails to state a viable Title VII claim. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination under Title VII, a plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). In this case, Pardo specifically disclaims discrimination on the basis of his membership in a protected class. Furthermore, he does not allege that he belongs to a protected class or any facts or circumstances that suggest an inference of discrimination. Accordingly, his complaint of employment discrimination must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I have also considered whether Pardo's claim of retaliation can be considered under OSHA, and I find that it cannot. OSHA imposes certain minimum workplace standards on employers. *See* 29 U.S.C. §§ 651, *et. seq.* However, OSHA's protections are to be enforced by

3

the Secretary of Labor, and not through a private right of action by employees. *Donovan v. Occupational Safety and Health Review Comm'n,* 713 F.2d 918, 926-27 (2d Cir. 1983) ("[I]t is apparent from the detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary, and that enforcement of the Act is the sole responsibility of the Secretary." (citations omitted)). "Thus, neither an OSHA violation nor retaliation against an employee for complaining of such a violation will support a cause of action under OSHA by the affected employee." *Jones v. Staten Island University Hosp.*, No. 04-CV-3302 (JG), 2006 WL 2713987, at *1 (E.D.N.Y. Sept. 22, 2006); *Grasso v. Forrest Edward Employment Servs.,* No. 01-Civ.3263(AKH), 2002 WL 989528, at *9 (S.D.N.Y. May 15, 2002) ("[OSHA] does not create a private right of action for damages. Plaintiff's claims under OSHA are therefore also dismissed." (internal citations omitted)) .

## CONCLUSION

For the foregoing reasons, the complaint filed *in forma pauperis* is dismissed. 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.


John Gleeson, U.S.D.J.

Dated: September 26, 2013
      Brooklyn, New York